IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHIRLEY C. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-759 |
| | ) |
| STATE OF TENNESSEE, DEPARTMENT | ) Judge Haynes |
| OF CHILDREN'S SERVICES and | ) |
| CLYDEL DAVIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, Shirley Jackson, filed this *pro se* action under Title VII of the Civil Rights Act asserting claims of discrimination on the basis of color and for retaliation.

Before the Court is Plaintiff's application to proceed in *informa pauperis*. District Court without Prepaying Fees and Costs (ECF No. 2). From her application, Plaintiff lacks sufficient financial resources from which to pay the fee required for the filing of a complaint, the application is **GRANTED**, and the Clerk is **DIRECTED** to file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint, or any claim asserted therein, to the extent it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds*

by *Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In her complaint, Plaintiff names as defendants the Tennessee Department of Children's Services and her former supervisor, Clydel Davis. Plaintiff alleges that she was subjected to discrimination on the basis of color and retaliation after she made an internal complaint of discrimination. Based upon the EEOC documents attached to the complaint, the Court concludes that Plaintiff states Title VII claims of discrimination and retaliation against the Tennessee Department of Children's Services that are not facially frivolous or malicious. Accordingly, the Clerk is directed to **ISSUE PROCESS** to that Defendant.[1]

As to Plaintiff's claim against Defendant Clydel Davis, however, Title VII "does not create individual liability for individuals in supervisory positions." *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997)). Thus, Plaintiff's claims against defendant Clydel Davis are therefore **DISMISSED with prejudice**.

It is so **ORDERED**.

ENTERED this the 30th day of July, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

---

[1] Because Congress validly abrogated the states' immunity when it enacted Title VII, *see Freeman v. Mich. Dep't of State*, 808 F.2d 1174, 1177 (6th Cir. 1987) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)), the Eleventh Amendment does not bar Plaintiff's Title VII claims against the state agency defendant.